COLUMBUS BAR ASSOCIATION *v.* POTTS.

[Cite as *Columbus Bar Assn. v. Potts* (1996), 77 Ohio St.3d 1227.]

(No. 92–1392—Submitted December 11, 1996—Decided December 18, 1996.)

On December 14, 1992, this court indefinitely suspended respondent Byron L. Potts, a.k.a. Byron Lee Potts, of Columbus, Ohio, Attorney Registration No. 0040246. On March 31, 1995, respondent filed a Petition for Reinstatement, and on June 26, 1996, the Board of Commissioners on Grievances and Discipline filed a certified report with the court recommending that respondent be reinstated on conditions. On August 1, 1996, relator, Columbus Bar Association, filed objections to the board's report, and on October 18, 1996, respondent filed a reply brief. On consideration thereof,

IT IS ORDERED by this court that Byron L. Potts, a.k.a. Byron Lee Potts, be and hereby is, reinstated to the practice of law in the state of Ohio on the following conditions: (1) that respondent continue his contract with the Ohio Lawyers Assistance Program, Inc. under the terms and conditions that the program requires, until such time as a director authorizes his release therefrom; and (2) that respondent enroll in a CLE course on law office management procedures on the earliest date such a course is provided.

IT IS FURTHER ORDERED by this court that respondent be placed on monitored probation for a period of two years. It is further ordered that at the end of the two-year probationary period, respondent may apply for termination of probation, as provided in Gov. Bar R. V(9)(D).

IT IS FURTHER ORDERED that relator, Columbus Bar Association, appoint an attorney to monitor respondent's compliance with the terms of probation and that at the end of the probation, the Columbus Bar Association file with the Clerk's Office a report indicating whether respondent complied with the terms of probation.

IT IS FURTHER ORDERED that the Columbus Bar Association, on or before thirty days from the date of this order, file with the Clerk's Office of this court the name of the monitoring attorney.

IT IS FURTHER ORDERED that respondent's probation shall not be terminated until (1) respondent complies with the requirements for termination of probation set forth in the Supreme Court Rules for the Government of the Bar of Ohio; (2) respondent complies with the Supreme Court Rules for the Government of the Bar of Ohio; (3) respondent complies with this and all other orders of the court; (4) at the end of the probation, the Columbus Bar Association files with the Clerk's Office of this court a report indicating that respondent complied with

the terms of probation; and (5) this court orders respondent's probation terminated.

IT IS FURTHER ORDERED that respondent be taxed the costs of these proceedings in the amount of $2,723.14, less deposit of $2,223.14, which costs shall be payable to this court by certified check or money order on or before ninety days from the date of this order. It is further ordered that if these costs are not paid in full on or before ninety days from the date of this order, interest at the rate of ten percent per annum shall accrue on the balance of unpaid board costs, effective ninety days from the date of this order. It is further ordered that if costs are not paid in full on or before ninety days from the date of this order, respondent may be found in contempt and may be suspended until costs, including any accrued interest, are paid in full.

IT IS FURTHER ORDERED that respondent shall keep the Clerk, the Columbus Bar Association, his monitoring attorney, and the Disciplinary Counsel advised of any change of address where respondent may receive communications.

IT IS FURTHER ORDERED, *sua sponte,* by the court, that within ninety days of the date of this order, respondent shall reimburse any amounts that have been awarded by the Clients' Security Fund pursuant to Gov. Bar R. VIII(7)(F). It is further ordered, *sua sponte,* by the court, that if, after the date of this order, the Clients' Security Fund awards any amount against the respondent pursuant to Gov. Bar R. VIII(7)(F), the respondent shall reimburse that amount to the Clients' Security Fund within ninety days of the notice of such award.

IT IS FURTHER ORDERED, *sua sponte,* that all documents filed with this court in this case shall meet the filing requirements set forth in the Rules of Practice of the Supreme Court of Ohio, including requirements as to form, number, and timeliness of filings.

IT IS FURTHER ORDERED, *sua sponte,* that service shall be deemed made on respondent by sending this order, and all other orders in this case, by certified mail to the most recent address respondent has given to the Attorney Registration Office.

IT IS FURTHER ORDERED that the Clerk of this court issue certified copies of this order as provided for in Gov. Bar R. V(8)(D)(1), that publication be made as provided for in Gov. Bar R. V(8)(D)(2), and that respondent bear the costs of publication.

For earlier case, see *Columbus Bar Assn. v. Potts* (1992), 65 Ohio St.3d 297, 603 N.E.2d 986.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, COOK and STRATTON, JJ., concur.

PFEIFER, J., dissents and would deny the petition for reinstatement.